## LINDSLEY E. WOOLEY v. CRESCENT AUTOMOBILE COMPANY.

Submitted March 21, 1912—Decided July 13, 1912.

Where a vendor, having executed a bill of sale for an automobile, retained possession of it and operated and controlled it as his own, and the vendee failed to assert his title until levy upon the car under an execution at the suit of a creditor of the vendor—*Held*, that the inquiry whether the transaction was fraudulent or not, arising out of the absence of change of possession after the sale, presented a question of fact for the jury to determine.

On appeal from the First District Court of Jersey City.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *Frank W. Hastings, Jr.*

For the defendant, *Fisk & Fisk.*

The opinion of the court was delivered by

MINTURN, J.    The suit was in replevin, to recover possession of an automobile, and was tried before the District Court and a jury, resulting in the direction of a verdict in favor of the plaintiff, from which direction the defendant appeals.

The plaintiff claimed title by virtue of a bill of sale, executed to him by Alfred H. Howe, who was indebted to him for sundry advances in the sum of $395.98, which sum represented the consideration named in the bill of sale. The state of the case shows that Howe, being unable to settle this indebtedness, turned the automobile over to the plaintiff, who, being unable to use it at the time and being about to enter upon a business trip, arranged with Howe to retain possession of it, and use it until the plaintiff's return, upon consideration that Howe would assume and discharge the expenses incident to its maintenance and operation.

Thereafter, and while the car was in the garage where

Howe had previously housed it, the defendant brought suit against Howe, recovered a judgment, and, upon a levy made under execution, took the car into its possession, and, upon demand by the plaintiff, refused to surrender it, and hence this suit.

The plaintiff maintains his title to the car upon the ground that the bill of sale was executed to him in good faith for a valuable consideration. The defendant attacks the claim thus made upon the ground that the sale by Howe was void under the twelfth section of the statute of frauds, and upon the ground that the plaintiff was not a purchaser in good faith for value.

If the validity of this contention were to be determined by the decisions defining good faith and value, according to the principles of the common law, to many of which adjudications we are referred, we would have no difficulty in acceding to the proposition that those were questions of fact, the solution of which was for the jury. But this judicial rule has been superseded by the statutory rule contained in the Sales act (*Pamph. L.* 1907, *p.* 341, § 76), which defines value, *inter alia,* as "an antecedent or pre-existing claim whether for money or not;" and defines "good faith" as an act "done honestly whether it be done negligently or not."

Tested by these rules, we are unable to find in this case any positive proof of *mala fides* upon the part of the plaintiff, when in settlement of a pre-existing claim he accepted title to the automobile, and if those were the only circumstances in the case upon which the allegation of fraud could be predicated, we should be inclined to affirm the judgment. But we are met with the undisputed fact in the case that while there was an executed sale within the meaning of the Sales act, the vendor by retaining possession of the car after the sale, has raised a presumption against the legality of the transaction, which, until rebutted and explained, *prima facie,* at least, estops the vendee from placing himself in the category of a *bona fide* purchaser.

In 1861 Chief Justice Whelpley, speaking for this court, and after reviewing the authorities upon the subject, said:

"The question in every case is whether the act done is a *bona fide* transaction, or a trick and a contrivance to defeat creditors. The possession by the vendor of personal chattels after the sale is not conclusive evidence of fraud. * * * In all cases, whether fraudulent or not, it is a question of intent to be settled as a question of fact by a jury." *Miller* v. *Pancoast,* 5 *Dutcher* 250, 253, and cases cited.

The defendant, under this rule, was entitled to have the testimony of the plaintiff and his witnesses, explaining the possession of the car by Howe and the circumstances attending such possession, submitted to the jury for the purpose of having their judgment upon the question whether the rebuttal thus established is sufficient in fact to overcome the presumption created by law. This course not having been followed in the case at bar, the judgment is reversed, and a *venire de novo* is awarded.